**AMERICAN SAMOA, Plaintiff**

**v.**

**TELETI, Alofau, Defendant**

No. 68-1922

High Court of American Samoa

Criminal Jurisdiction, Trial Division

October 29, 1922

S. D. HALL, FAO and LEOSO, *Judges*

Charge—Rape (Comp. Matauina)
　　—Disrespect to the High Chief Fuiamaono.

DECISION

In the matter of the proceedings before this court there are two charges that have had to be considered.

One, the charge of rape; the other a charge of disrespect towards County Chief Fuiamaono. The Court has given careful consideration not only to the charges involved but the testimony that has been given and it is the unanimous opinion of the Court and the decision of the Court that the charge of rape is unfounded and the defendant is not guilty of such charge.

The testimony conclusively shows in this connection that the relationship existing between the defendant and

the Taupo was of such a nature that at all times were those matters that might be involved in an affair of this sort agreeable to both the defendant and that Taupo. The letters presented in evidence by the defendant and admittedly written by the Taupo show the state of her heart and the state of his heart, and further show the the [sic] Taupo was the willing recipient of the attentions of the young man.

█ We pass on from the first charge to the second one, viz., disrespect to the County Chief.

The testimony shows in this connection that the young man was well aware of Samoan custom and well aware of what his duty should have been to the County Chief in an affair of this sort.

It is very apparent from the evidence submitted that the young man had made his declaration of love and affection to the young lady previous to her ever having become Taupo of the chief Fuiamaono. It is further shown that she has at all times been a very willing receipient [sic] of his attentions.

Time passed on and the young lady became the Taupo of County Chief Fuiamaono. The assumption of this position by the young lady according to Samoan custom changed the positions of the parties involved.

The assumption of the Court is only natural, that the young man raised the question at this time as to how would he fare and what would be the result of this change of her situation in living. In words of this effect, according to the testimony of the defendant, the young lady replied, that it would make no difference that the affair could be carried on and again we refer to the letters which conclusively show that the affair was carried on.

In this connection there is no doubt—in view of the manner in which this affair was carried on—that disrespect was shown to the County Chief, not only by the

defendant but also by the young lady, the Taupo. It is hardly necessary to mention what the proper procedure should have been as regards these two parties but the Court will touch on this matter.

A stern duty devolved on both parties, not only according to Samoan Custom but on account of the relationship that each of the parties bore to the County Chief. One of the duties was to have given up this affair, the other was for the Taupo to have resigned her position if she desired to carry it on and remove the barrier of relationship that existed. It should be borne in mind all the time that this affair started before she became Taupo to Fuiamaono, and the result was that as time passed on illicit intercourse was held between the two parties.

This is proven conclusively by the testimony of both parties and brings to a focus the proposition of disrespect shown to the County Chief.

Now, disrespect to the County Chief could have been of two sorts. One, an intentional disrespect, where he had a vicious motive in mind to undermine the standing of the County Chief, to do something that would cast certain reflections on him. The other, unintentional disrespect a disrespect that was shown because of prevailing circumstances.

The workings of the human heart are mysterious and it is hard to solve its directions or the things involved when one's affections are at stake.

The young man and the young lady were in love. It is conclusively show [sic] the relationship that existed after her selection to the position of Taupo to the County Chief continued in much the same manner that had gone on before. There is no evidence to show that the young lady desired to discontinue these relationships in view of her changed position. It is evident that the heart of each had gotten the better of the judgment of each.

344

It is a fair assumption on the part of the Court that had the young lady not become the Taupo of Fuiamaono that the affair would have continued and it is the further assumption that they might have been married and be now man and wife but her changed position prevented that occurring.

So it resolves itself down to this question. Was it the intent on the part of the young man in carrying on this love affair to show intentional and vicious disrespect to the County Chief?

The Court is divided on this proposition. The American Judge and one Judge holding that it was not and the other Judge holding that it was. The continued sincerity of intention of this young man is absolutely proven by his testimony yesterday and his answer to the question "Do you desire to marry this young lady" and his reply being "yes". The Court cannot in view of that answer and the majority opinion prevailing render any other judgment than that the young man is guilty of unintentional disrespect to the County Chief and unintentional disrespect must bring from the Court a judgment that has in it a certain amount of charity.

The future position of the Taupo rests with the Chief Fuiamaono as he appointed her to the position. In view of the careless disrespect shown for the position of the High Chief Fuiamaono, not the vicious, but the careless disrespect, it is the judgment of the Court that the young man be sentenced to a year in jail but that said sentence be suspended.

The sincerity of the young man as regards the young lady in view of the testimony given yesterday by him relative to the matter of marriage will be proven by what occurs in the future.

Costs of $15.00 are assessed against the Defendant.